# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORNA BUTLER,<br><br>                             Plaintiff,<br>   vs.<br>FORTUNES ASIAN CUISINE, d/b/a FORTUNES A NOODLE BAR; and CAESARS ENTERTAINMENT OPERATING COMPANY INC., d/b/a HARRAH'S RINCON CASINO AND RESORT,<br><br>                             Defendants. | CASE NO. 12cv2409 WQH (BLM)<br><br>ORDER |

HAYES: Judge:

      The matter before the Court is the Motion to Dismiss filed by Defendants Fortunes Asian Cuisine and Caesars Entertainment Operating Company Inc. (ECF No. 4).

## PROCEDURAL BACKGROUND

      On June 28, 2012, Plaintiff Lorna Butler filed a Complaint in San Diego Superior Court against Defendant Fortunes Asian Cuisine. Plaintiff alleges that she suffered personal injuries as a result of eating food at Defendant's establishment. (ECF No. 1-1). On August 28, 2012, Plaintiff amended her Complaint to add Defendant Caesars Entertainment Operating Company Inc. *Id.*

      On October 4, 2012, Defendants removed the Complaint to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a). (ECF No. 1). Defendants assert that Plaintiff's claims "are

completely pre-empted by the Indian Gaming Regulatory Act, 25 U.S.C. § 2701, *et seq.*" *Id.* at 2.

On October 11, 2012, Defendants filed the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 12(b)(7). (ECF No. 4). On November 8, 2012, Defendants filed a Supplemental Declaration in support of the Motion to Dismiss. (ECF No. 5). The record reflects that Plaintiff has not filed an opposition.[1]

## STANDARD OF REVIEW

Generally, "the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." *Montana v. United States*, 450 U.S. 544, 565 (1981). The Supreme Court described two exceptions to that general rule: first, a "tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements"; second, a "tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Id.* at 565-66. Where one of the *Montana* exceptions applies, "civil jurisdiction over [disputes arising out of] such activities presumptively lies in the tribal courts." *Strate v. A–1 Contractors*, 520 U.S. 438, 453 (1997) (quoting *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987)).

"Principles of comity require federal courts to dismiss or to abstain from deciding claims over which tribal court jurisdiction is 'colorable,' provided that there is no evidence of bad faith or harassment." *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 920 (9th Cir. 2008)

---

[1] Local Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of nonopposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court order. The hearing date for the Motion to Dismiss was November 19, 2012; as indicated, Plaintiff has failed to file an opposition as of the date of this Order.

Local Rule 7.1(f)(3)(c) provides that if a party fails to file an opposition in accordance with Rule 7(1)(e)(2), "...that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1(f)(3)(c)d. Nevertheless, having reviewed the Complaint, the Court will rule of Defendants' Motion to Dismiss on the merits.

(citing *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 948 (9th Cir. 2008)); *see also Stock West Corp. v. Taylor*, 964 F.2d 912, 919-920 (9th Cir.1992) ("The district court properly abstained from exercising its diversity jurisdiction in this matter because colorable questions are presented in this civil action regarding whether the Colville Tribal Courts have concurrent jurisdiction over alleged tortious conduct that may have commenced on the reservation. Under such circumstances, the district court is required to abstain."). "Exhaustion is required as a matter of comity, not as a jurisdictional prerequisite." *Iowa Mut. Ins. Co.*, 480 U.S. at 16 n.8.

## DISCUSSION

Defendants assert that Plaintiff, "a patron of [Harrah's Rincon Casino and Resort], is a non-Indian who engaged in a consensual relationship with the Rincon Tribe on the reservation by voluntarily entering" Harrah's Rincon Casino and Resort. (ECF No. 4-1 at 12). Defendants assert that the Casino is located "on the Rincon Tribe's land...." *Id.* Defendants assert:

> The Casino is owned, controlled, and its operations are managed by the Rincon Tribe pursuant to the Indian Gaming Regulatory Act ('IGRA') ... between the Rincon Tribe and the State of California. ... [P]ursuant to the IGRA, the creation and operation of Indian casinos is designed to promote 'tribal economic development, self-sufficiency, and strong tribal governments.' (25 U.S.C. §§ 2701(4); 2702(1)).

*Id.* at 9. Defendants contend that the Complaint must be dismissed because Plaintiff's claim "necessarily affects the political integrity, economic security, and health and welfare of the Rincon Tribe as a finding of liability against the Rincon Tribe would certainly trigger a host of financial and legal consequences." *Id.* at 12.

Plaintiff alleges that Defendants, on July 2, 2010, "negligently, recklessly, willfully and wantonly misrepresented the food contents of a meal served to plaintiff after plaintiff specified her allergies to mushrooms which caused plaintiff to become seriously ill." (ECF No. 1-1 at 2). Plaintiff seeks $7,500.00 in damages from Defendants for "[m]edical bills [that] are over $3,000.00 plus pain & suffering." *Id.* at 3.

Based upon these allegations, the Court finds that "colorable questions" exist as to: (1) whether Plaintiff "enter[ed] [into a] consensual relationship[] with the tribe or its members,

through commercial dealing, contracts, leases, or other arrangements" when she purchased food at Fortunes Asian Cuisine on the Rincon Indian Reservation; and (2) whether Plaintiff's Complaint "has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Marceau*, 540 F.3d at 920; *Montana*, 450 U.S. at 566. The Court finds no evidence of bad faith or harassment. Accordingly, the Court will dismiss this action to "permit a tribal court to determine in the first instance whether it has the power to exercise subject-matter jurisdiction" over the dispute. *Stock West Corp.*, 964 F.2d at 919; *see also Girmai v. Rincon Band of Luiseno Indians*, 11CV2567 JLS POR, 2012 WL 540549 (S.D. Cal. Feb. 16, 2012) ("Although the Court may stay or dismiss the action where tribal exhaustion is required, because Plaintiff failed to oppose Defendants' motion, the Court finds dismissal appropriate."); *Jaramillo v. Harrah's Entm't, Inc.*, 09CV2559 JM (POR), 2010 WL 653733 (S.D. Cal. Feb. 16, 2010) ("When a court finds, as here, that tribal exhaustion is required, the court can stay or dismiss the action, although it is error to dismiss for lack of subject matter jurisdiction. As Jaramillo failed to file an opposition to the motion to dismiss, the court finds dismissal appropriate.").

## CONCLUSION

The Motion to Dismiss (ECF No. 4) filed by Defendants is GRANTED.

DATED: March 6, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge